**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JAVIER MURILLO-ZAPATA, | No. 14-73175 |
| Petitioner, | Agency No. A073-001-882 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016<sup>**</sup>

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jose Javier Murillo-Zapata, a native and citizen of Honduras, petitions for
review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal
from an immigration judge's decision denying his motion to reopen removal
proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Murillo-Zapata's motion to reopen and rescind his in absentia order of removal, where notice of the hearing was sent to his counsel of record and to Murillo-Zapata's last known mailing address, and the record shows Murillo-Zapata failed to apprise the immigration court of his new address. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) (the government satisfies statutory notice requirements and due process by mailing the notice of hearing to the last address provided by the alien, where the alien failed to provide a change of address at which he can be contacted); *Al Mutarreb v. Holder*, 561 F.3d 1023, 1028 n.6 (9th Cir. 2009) (service of the notice of hearing to an alien's counsel, and not to the alien himself, may be sufficient). Contrary to Murillo-Zapata's contention, there is no statute of limitations within which the Department of Homeland Security must move to recalendar a case that had been administratively closed.

The agency did not abuse its discretion in denying Murillo-Zapata's motion to reopen based on exceptional circumstances, where he filed it three years after

the date of his removal order, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (setting a 180-day deadline), and failed to establish the due diligence required to warrant equitable tolling of the deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of filing deadlines is available to a petitioner who is prevented from properly filing due to deception, fraud, or error, and who exercises due diligence in discovering such circumstances).

The agency also did not abuse its discretion in denying as untimely Murillo-Zapata's motion to reopen to apply for asylum and related relief, where he fails to challenge the agency's determination that he did not establish changed country conditions, and instead solely contends he was unable to previously present his case due to lack of notice. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii).

Contrary to Murillo-Zapata's contention, the BIA sufficiently considered his arguments and articulated its reasons for dismissing his appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**